**Order entered September 9, 2015**



**In The**

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01350-CR

**DONALD RAY MCKINNEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F12-47067-Y**

## ORDER

The Court **GRANTS** appellant's September 2, 2015 motion for supplementation of the reporter's record, for abatement of the appeal or, alternatively, for extension of the time to file appellant's brief. The Court grants relief as follows.

The reporter's record was filed in this appeal on June 4, 2015. In his motion, appellant contends the record from a pretrial hearing conducted on July 28, 2014 is missing from the reporter's record. Appellant also challenges the accuracy of portions of volumes five and ten of the reporter's record filed. The record shows that court reporter Sharina A. Fowler prepared the first thirty-four pages of volume five. After the trial court took a recess, court reporter Sharon Hazlewood reported an additional fifty pages of volume five, restarting the page numbering with page one. Approximately ten pages into the Hazlewood section of the copy of volume five filed

with the Clerk of the Court, the quality of the printed copy begins to deteriorate. Portions of each printed page from pages forty-two to fifty of the Hazlewood section of volume five are illegible. Additionally, in his motion, appellant alleges that line twenty-two of page twenty-seven in volume ten of the reporter's record states "He is now cancer free" when the portion of the line should read "He is not cancer free."

In a prior motion to the Court, appellant's counsel represented that he had "been told by the former judge of Criminal District [Court] No. 7, the Honorable Mike Snipes, that Ms. Hazlewood, the court reporter, is in a nursing home due to dire health problems which will keep her from doing any meaningful work for the foreseeable future." In the current motion, counsel reports that he is "unaware of the current status of the health of the court reporter."

We **ORDER** the trial court to conduct a hearing and make findings of fact regarding the accuracy and completeness of the reporter's record filed in this case. The trial court shall first determine whether a reporter's record of the July 28, 2014 pretrial hearing exists and, if so, whether it can be transcribed for inclusion within the record on appeal as a supplemental record. In its findings, the trial court shall include the name of the court reporter who will transcribe the supplemental record and recommend how much time should be allotted for filing the supplemental record. *See* TEX. R. APP. P. 34.6(d).

The trial court shall next determine whether Sharon Hazlewood is able to produce and file a legible copy of the pages marked as 42-50 in the portion of volume five of the reporter's record that she transcribed. In the event Hazlewood is unable to produce and file a legible copy of pages 42-50 due to her health or for any other reason, the trial court shall determine whether notes or recordings exist from which pages 42-50 may be reproduced by another court reporter appointed by the trial court for that purpose. If the trial court appoints a substitute court reporter

to transcribe Hazlewood's notes, the trial court shall include the name of the court reporter who will transcribe the supplemental reporter's record and recommend how much time should be allotted for filing the supplemental reporter's record. *See* TEX. R. APP. P. 34.6(e)(2–3).

The trial court shall next determine whether volume ten, page twenty-seven, line twenty-two of the record is accurate in stating, "He is now cancer free" or whether the sentence in question should be reported as, "He is not cancer free." *See* TEX. R. APP. P. 34.6(e)(2–3).

Additionally, if the trial court finds that some portion of the court reporter's notes, records, or recordings has been lost or destroyed such that supplementation of the reporter's record with the transcript of the pretrial hearing conducted on July 28, 2014 or corrections to the alleged errors in volume five and ten of the reporter's record as filed cannot occur, the trial court shall further determine: (1) if appellant timely requested the reporter's record; (2) if, without appellant's fault, a significant portion of the court reporter's notes, records, or recordings has been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record is necessary to the appeal's resolution; and (4) if the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties. *See* TEX. R. APP. P. 34.6(f).

We **ORDER** the trial court to transmit to this Court, within **THIRTY DAYS** of the date of this order, a record containing its written findings of fact and any supporting documentation.

We **DIRECT** the Clerk to send copies of this order to the Honorable Elizabeth Frizell, Presiding Judge, Criminal District Court No. 7; to court reporter Sharon Hazlewood at her last known address; and to counsel for all parties.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received. A new deadline for filing appellant's brief will be established upon reinstatement of the appeal.


/s/     LANA MYERS
         JUSTICE